UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAMELA ARMISTED, *et al.*,

    Plaintiffs,

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE CO.,

    Defendant.

_____/

Case No. 07-10259

DISTRICT JUDGE
ARTHUR J. TARNOW

MAGISTRATE JUDGE
DONALD A. SCHEER

**ORDER**

**ACCEPTING THE REPORT AND RECOMMENDATION [219];
DENYING PLAINTIFFS' AND DEFENDANT'S OBJECTIONS [227] and [234];
DENYING PLAINTIFFS' MOTIONS FOR DEFAULT JUDGMENT [155] and [162];
and RESERVING RULING AS TO THE APPROPRIATE SANCTION;**

**AFFIRMING THE MAGISTRATE'S ORDER [216]; DENYING PLAINTIFFS'
OBJECTION [222]; and DENYING PLAINTIFFS' MOTION TO STRIKE
DEFENDANT'S EXPERT WITNESSES [202];**

**GRANTING PLAINTIFFS' MOTION TO STRIKE
DEFENDANT'S SUPPLEMENTAL RULE 26(a)(3)(A) DISCLOSURES [236];**

**DENYING AS MOOT DEFENDANT'S EMERGENCY MOTIONS
TO RE-OPEN DISCOVERY [224] and [265];**

**AND**

**DENYING AS MOOT DEFENDANT'S MOTION
FOR LEAVE TO AMEND PLEADINGS [264].**

Before the Court are:

(1) the Magistrate's Report and Recommendation [219] Regarding Plaintiffs' Motions for Default Judgment [155] and [162]; Plaintiffs' Objection [227], and; Defendant's Objection [234];

(2) Plaintiffs' Objection [222] to the Magistrate's Order [216] Denying Plaintiffs' Motion to Strike Defendant's Expert Witnesses and Exclude Introduction of Testimony and Documentation Relating to Expert Opinions [202], and Defendant's Brief in Opposition [208];

(3) Plaintiffs' Motion to Strike Defendant's Supplemental Rule 26(a)(3)(a) Disclosures [236], and Defendant's Brief in Opposition [269];

(4) Defendant's Emergency Motion to Re-open Discovery as to Plaintiffs Joshua and Harold Adams, Only [224], and Plaintiffs' Response [228]; Defendant's Emergency Motion to Re-open Discovery as to Plaintiffs Joshua and Harold Adams, Only [265], and Plaintiffs' Response [268], and;

(5) Defendant's Motion for Leave to Amend Pleadings [264], and Plaintiffs' Response [268].

On January 6, 2009, the Court heard oral arguments on these various filings. The Court has reviewed the arguments, and being fully advised in the premises, makes the following determinations:

Regarding the Report and Recommendation [219], the Court **ACCEPTS** the Magistrate's analysis as to the denial of Plaintiffs' Motions for Default Judgment, and **DENIES** the parties' Objections [227] and [234]. **IT IS HEREBY ORDERED** that Plaintiffs' Motions for Default Judgment [155] and [162] are **DENIED**. Also, the Court **ACCEPTS** the Magistrate's recommendation that "a substantial monetary sanction should be imposed upon the Defendant for its obstructive conduct" during discovery, but **RESERVES RULING** on the appropriate sanction to be imposed.

As to the Magistrate's Order [216] regarding Defendant's expert witnesses, the Court **DENIES** Plaintiffs' Objection [222]. **IT IS HEREBY ORDERED** that the Magistrate's Order [216] is **AFFIRMED**, and Plaintiff's Motion to Strike Defendant's Expert Witnesses and Exclude Introduction of Testimony and Documentation Relating to Expert Opinions [202] is **DENIED**.

Furthermore, the Court **HOLDS** that it is subsection (ii) of Fed. R. Civ. P. 26(a)(2)(C) that controls the question raised in the pleadings. To the extent that Defendant bears the burden of proof on any affirmative defenses it chooses to assert at trial, and to ensure that the evidence presented by Defendant's experts is used "solely to contradict or rebut evidence on the same subject matter identified by [Plaintiffs] under Rule 26(a)(2)(B)," **IT IS ORDERED** that Defendant's experts' testimony shall be **LIMITED** to a scope that does not exceed that of the testimony of Plaintiffs' experts. *See* Fed. R. Civ. P. 26(a)(2)(C).

**IT IS ORDERED** that Plaintiffs' Motion to Strike Defendant's Supplemental Rule 26(a)(3)(A) Disclosures [236] is **GRANTED**, for the reason that both Defendant's Disclosures and Defendant's Brief in Opposition [269] to Plaintiffs' Motion were untimely filed.

As to the remaining motions, the Court engaged counsel in the following discussion at the hearing:

> THE COURT: Are you prepared to go forward with the trial date scheduled?
>
> DEF. ATTY HEWSON: Yes, sir.
>
> THE COURT: Without any further discovery?
>
> DEF. ATTY HEWSON: Yes, sir.
>
> THE COURT: Mr. Andrews, are you ready?
>
> PL. ATTY ANDREWS: Yes, so long as there's not a cross-claim, a counterclaim or any third-party claim. That --
>
> THE COURT: All right Mr. Andrews stop. Mr. Hewson, do you agree with that?
>
> DEF. ATTY HEWSON: Your Honor, I don't know -- I think the Court's initial impression is correct. Until it's In front of you that ruling doesn't even need to be made.
>
> THE COURT: But you just told me you are ready to go to trial without any further discovery.
>
> DEF. ATTY HEWSON: I am.
>
> THE COURT: If you file a cross-claim or anything new, aren't you and the other side entitled to more discovery?

DEF. ATTY HEWSON:  If I were to file a separate action?

THE COURT:  No.  I'm not -- I'm not getting into the separate --

DEF. ATTY HEWSON:  I'm sorry.  Oh, oh, I'm --

THE COURT:  His point was he's ready to go to trial on the date scheduled if there are no cross-claims or amended answers or anything new.

DEF. ATTY HEWSON:  That's correct.

THE COURT:  In other words, we are ready as the documents are now.  The 37 witnesses as to Adams . . .

DEF. ATTY HEWSON:  Yeah, I don't think we need the witnesses Your Honor.

THE COURT:  Okay.

DEF. ATTY HEWSON:  What I'm saying to the Court I'm sorry, I misunderstood. I was thinking about a subsequent filing.  As it stands now on the pleadings we are prepared to go forward.

In this discussion, the parties mutually agreed to proceed to trial on the date scheduled, without conducting any further discovery, and without the addition of any new claims or the further amendment of existing claims.

Because the parties have so stipulated on the record, **IT IS ORDERED** that Defendant's Emergency Motion to Re-open Discovery as to Plaintiffs Joshua and Harold Adams, Only [224] is **DENIED AS MOOT**; similarly,  Defendant's Emergency Motion to Re-open Discovery as to Plaintiffs Joshua and Harold Adams, Only [265] is **DENIED AS MOOT.**

Finally, **IT IS ORDERED** that Defendant's Motion for Leave to Amend Pleadings [264] is also **DENIED AS MOOT.**
**SO ORDERED.**

S/ARTHUR J. TARNOW
Arthur J. Tarnow
United States District Judge

Dated:  January 9, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 9, 2009, by electronic and/or ordinary mail.

S/Lisa Ware for THERESA E. TAYLOR
Case Manager