UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAMELA ARMISTED, et al.,

       Plaintiffs,

                                          CASE NO. 2:07-cv-10259
v.                                 JUDGE ARTHUR J. TARNOW
                                          MAGISTRATE JUDGE DONALD A. SCHEER

STATE FARM MUTUAL
AUTOMOBILE INSURANCE COMPANY,

       Defendant.
_____/

JERRY WAGNER, as Guardian of
LESLIE CARL STEWART, a legally
incapacitated person,

       Plaintiff,



                                          CASE NO. 2:10-cv-11733
v.                                 JUDGE ARTHUR J. TARNOW
                                          MAGISTRATE JUDGE PAUL J. KOMIVES

STATE FARM MUTUAL
AUTOMOBILE INSURANCE COMPANY,
an Illinois Corporation,

       Defendant.
_____/

**ORDER VACATING THE MAY 7, 2008 ORDER IN *ARMISTED* (Case No. 07-10259, Doc. Ent. 108) and GRANTING DEFENDANT'S MOTION TO VACATE THIS COURT'S PREVIOUS ORDER REGARDING THE PROPER PAYEE OF NO-FAULT BENEFITS PURSUANT TO MCL 500.3112 AND ISSUE A NEW ORDER IN AID OF PROBATE COURT PROCEEDING IN *WAGNER* (Case No. 10-11733, Doc. Ent. 25)**

On February 7, 2011, defendant (State Farm) filed a motion asking this Court to vacate an

order that had been entered on May 7, 2008 upon the stipulation of the parties. That order was entered in Case 07-cv-10259 in which several plaintiffs were identified as guardians: (1) Pamela Armisted as guardian of Jonathan Boyce, (2) Kathleen Chauvin as guardian of Joseph Chauvin, (3) Jerry Wagner as guardian of Leslie Stewart, (4) Eileen Adams and Harold Adams, as guardians of Joshua Adams and (5) Gary Parks as guardian of Towanda Parks. The order directed State Farm to pay attendant care benefits pursuant to Mich. Comp. Laws § 500.3112 to the guardians, individually, as payees of benefits incurred for attendant care until further order of this Court.

The motion to vacate alleged that thereafter State Farm, discovering to its satisfaction that the attendant care benefits that were being paid to Leslie Stewart's guardian were not finding their way to the actual providers, filed a petition in the Oakland County Probate Court for the appointment of a guardian ad litem to investigate where the State Farm money was being spent. The Probate Court conducted an evidentiary hearing on October 21, 2009 but stated at the end of the hearing that it could not take any further action due to the May 7, 2008 order that this Court had issued directing that all attendant care payments be made to Jerry Wagner, Leslie Stewart's guardian. The Probate Court expressed concern that it did not want to take any action that would affect this Court's order, and that no further action would be taken until the order of this court was vacated or modified.

State Farm then filed a petition in the Oakland County Probate Court to determine the ownership of the attendant care benefits it was paying out for Leslie Stewart. On December 29, 2010 the Probate Court issued an opinion and order ruling that the attendant care monies were assets of the estate of Leslie Stewart, and did not belong to the attendant care providers.[1] State Farm now asks

---

[1] A copy of Judge O'Brien's December 29, 2010 opinion and order in Case No. 1996-248960-GA is attached to defendant's motion to vacation. *See* Doc. Ent. 25-2.

that this Court vacate that portion of this Court's May 7, 2008 order which directed that all payments regarding attendant care benefits for Leslie Stewart be made to Jerry Wagner as his guardian and issue a new order that all payments be made to Leslie Stewart's Estate pursuant to the Probate Court order of December 29, 2010.

Plaintiff's response to State Farm's motion to vacate, filed on February 21, 2011, asked this Court to deny the motion principally on the ground that the Probate Court order of December 29, 2010 was the subject of a motion for reconsideration that had been filed in that court.[2] Plaintiff also argued that this Court should reach a conclusion regarding the underlying facts of the matter contrary to the conclusion of the Probate Court.

State Farm filed a reply on March 4, 2011 to plaintiff's response pointing out that the motion for reconsideration that had been filed in the Probate Court had now been denied. A copy of the Probate Judge's opinion and order, dated February 25, 2011, was attached as an exhibit to the reply. See Doc. Ent. 27-2.

State Farm's motion to vacate came on for hearing on March 18, 2011. At first, I conducted an informal conference with the attorneys and expressed my belief that this Court should defer to the rulings made so far by the Oakland County Probate Court with regard to this matter. When plaintiff's counsel noted that the decision of the Probate Court would be appealed to the Oakland County Circuit Court, and that this appeal process might take several months, I indicated my willingness to defer ruling on the motion to vacate, if counsel for both parties would agree to this delay until a final decision by the Oakland County Circuit Court was issued. Then, I permitted

---

[2] A copy of petitioner's January 18, 2011 motion for reconsideration in Case No.1996-248960-GA is attached to plaintiff's response. See Doc. Ent. 26-2.

3

counsel for the parties to put their arguments on the record.[3]

I now conclude that the most appropriate course of action is to grant State Farm's motion, because this Court should defer to the decision that has been made by the Oakland County Probate Court and not allow plaintiff to relitigate a matter that has already been adjudicated by the Probate Court. Instead, this Court should provide the parties with (1) the opportunity to stipulate to stay the effect of this order pending a determination by the Oakland County Circuit Court of the appeal from the December 29, 2010 decision of the Probate Court and (2) leave to request reconsideration of this order after the Oakland County Circuit Court has issued its ruling.

If this order is not reversed or modified by the District Judge, and if no stipulation is submitted to stay the effect of this order, State Farm's counsel may present an appropriate order that will allow the Oakland County Probate Court to proceed to a final determination of the matter pending before it.

The attention of the parties is drawn to FED. R. CIV. P. 72(a), which provides a period of fourteen days from the date of receipt of a copy of this order within which to file any objections for consideration by the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

IT IS SO ORDERED.

_Paul J. Komives_
PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

Dated: April 18, 2011

---

[3] That same day, *Wagner v. State Farm Ins. Co.*, Case No. 2011-117742-AV was filed in Oakland County Circuit Court. See www.oakgov.com, "Court Explorer."